UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

CARLOS GONZALEZ

    Plaintiff,

vs.

HAVEN TILE COMPANY, LLC., a Foreign
Limited Liability Company, NICK HAVEN,
individually,

    Defendants.
_____/

## COMPLAINT

    Plaintiff CARLOS GONZALEZ, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants HAVEN TILE COMPANY LLC, a Foreign Limited Liability Company (hereinafter, "HAVEN TILE"), NICK HAVEN individually, (collectively "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), the Florida Minimum Wage Act, (hereinafter "FMWA"), and for issuance of worthless check under Florida Statute § 68.065.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Middle District of Florida because Plaintiff was employed in the Middle District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Middle District of Florida, and because

1

the acts that give rise to Plaintiff's claims occurred within the Middle District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a laborer. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and § 448.101 Fla. Stat.

6. Defendant HAVEN TILE had, at all times material hereto, conducted substantial and continuous business within the Middle District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant HAVEN TILE IS an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, Defendant HAVEN TILE is in the construction business and works with tile and stone installation and design.

9. At all times material to this Complaint, HAVEN TILE employed at least ten (10) employees.

10. At all times material to this Complaint, HAVEN TILE has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Defendant HAVEN TILE, upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant NICK HAVEN is a corporate officer of and/or owner and or manager, and exercised operational control over the activities of, corporate Defendant, HAVEN TILE.

13. Defendant NICK HAVEN, acted directly in the interest of his company, HAVEN TILE. Upon all available information, NICK HAVEN controlled the manner in which Plaintiff performed his work and the pay he was to receive.

14. Defendants were joint "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d).

15. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

16. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

17. Plaintiff performed work for Defendants as a laborer from on or about July 24, 2020 until on or about September 24, 2020.

18. During Plaintiff's employment, Defendants agreed to compensated Plaintiff at a rate of $200.00 per day. The Defendants established a two week pay period, such that the employees were supposed to get paid every two weeks for the period immediately preceding. However, the wages due on the regularly established pay day, began to arrive late and were provided piecemeal, such that the amounts due would be paid only in part, late.

19. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

20. Defendants' failure to pay in accordance to the scheduled pay dates resulted in Defendants failure to pay the required minimum hourly wage for some of the hours worked by Plaintiff.

21. Specifically, Defendants issued payment to Plaintiff with a check that had insufficient funds.

22. As a result, Defendants failed to compensate Plaintiff at a rate higher or equal to Florida and federal minimum wage for some of the work performed by Plaintiff during the relevant period.

23. Plaintiff estimates that he is owed at least $2,650.00 in unpaid minimum wages.

24. During the course of his employment, Plaintiff regularly worked between 8-10 hours per day, six (6) days a week.

25. Despite the fact that Plaintiff worked over 40 hours in a workweek, he was not paid overtime by Defendants. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours.

26. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

27. The Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees paid on a piece-rate basis to be compensated by multiplying at one-half per hour of the regular rate for overtime pay.

28. The Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

29. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

30. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

31. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

32. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

<u>**COUNT I**</u>
**VIOLATION OF FLSA/MINIMUM WAGES**
**against HAVEN TILE**

33. Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 as if fully set forth herein.

34. This action is brought by Plaintiff to recover from Defendant HAVEN TILE unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.* 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

35. At all times during his employment, Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

36. HAVEN TILE has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

37. HAVEN TILE knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

38. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of his wages and the failure to pay even a minimum hourly wage when due.

39. By reason of the said intentional, willful and unlawful acts of HAVEN TILE, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

40. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

41. HAVEN TILE never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

42. As a result of HAVEN TILE's willful violations of the Act, Plaintiff is entitled to liquidated damages.

43. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from HAVEN TILE.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant HAVEN TILE:

 A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

 B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

 C. Award Plaintiff an equal amount in double damages/liquidated damages; and

 D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

 E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
**VIOLATION OF FLSA/OVERTIME**
**against HAVEN TILE**

44. Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 as if fully set forth herein.

45. This action is brought by Plaintiff to recover from Defendant HAVEN TILE unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

46. Since the commencement of Plaintiff's employment HAVEN TILE has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours

worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

47. Specifically, throughout his employment Plaintiff regularly worked over forty (40) hours during each workweek in which he was employed.

48. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

49. HAVEN TILE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). HAVEN TILES' business activities involve those to which the Fair Labor Standards Act applies.

50. The Plaintiff was a laborer and was at all relevant times, covered by the FLSA.

51. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

52. HAVEN TILE has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

53. By reason of the said intentional, willful and unlawful acts of HAVEN TILE, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

54. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

55. HAVEN TILE never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

56. As a result of HAVEN TILES' willful violations of the Act, Plaintiff is entitled to liquidated damages.

57. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from HAVEN TILE.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant HAVEN TILE:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### VIOLATION OF FMWA against HAVEN TILE

58. Plaintiff re-alleges and re-avers paragraphs 1 through 32 as fully set forth herein.

59. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

60. Defendant HAVEN TILE failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with the Defendant HAVEN TILE as alleged above.

61. Plaintiff sent a written demand for these payments dated November 2, 2020. As of the date of this Complaint, Defendant HAVEN TILE has failed to make any payments in accord with that demand.

62. As a direct result of HAVEN TILE'S failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of HAVEN TILE.

63. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows:

    A. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

    B. Liquidated damages;

    C. Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

    D. Such other and further relief as the court deems proper.

## COUNT IV
## VIOLATION OF SECTION 68.065, FLORIDA STATUTES
## against HAVEN TILE

64. Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 as if fully set forth herein.

65. On or about July 24, 2020, HAVEN TILE issued and delivered check No. 6811 to Plaintiff drawn from Defendant's account at Smart Bank. The sum on the check was Two Thousand and Two Hundred and Fifty Dollars ($2,250.00) ("worthless check No. 6811"). A True and a correct copy of the check is attached hereto as Exhibit A.

66. Plaintiff attempted to cash worthless check No. 6811, which was subsequently dishonored by Smart Bank.

67. On or about November 2, 2020, Plaintiff through his counsel, submitted a written notice of worthless check and demand for payment via certified mail as required by Section 68.065 Florida Statutes to the Defendant.

68. As provided for in Section 68.065, Florida Statutes, the letter demanded payment from the Defendant within thirty (30) days of the date of the letter for the full amount of the check plus (5%) service charge.

69. In accordance with Section, 68.065, Florida Statutes, Plaintiff (1) provided written notice to the Defendant in a substantially similar form as that provided for in the statute and (2) pursuant to the delivery requirements.

70. To date, more than thirty (30) days have lapsed from the date of the receipt of the letter and the Defendant has failed to pay Plaintiff the amount owed for the Dishonored Check.

71. The Defendant is in violation of Section 68.065, Florida Statutes for failing to make payment to Plaintiff in the amount owed for the dishonored check.

72. As a consequence of the Defendant's issuance of the worthless check, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant HAVEN TILE:

    A. Award Plaintiff actual damages in the amount on the worthless check; and

    B. Award Plaintiff an equal amount in treble damages/liquidated damages; and

    C. Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

D. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### VIOLATION OF FLSA/MINIMUM WAGES
### against NICK HAVEN

73. Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 as if fully set forth herein.

74. At all the times mentioned, Defendant NICK HAVEN was, and is now, a corporate officer of corporate Defendant, HAVEN TILE.

75. NICK HAVEN was an employer of Plaintiff within the meaning of section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that NICK HAVEN acted directly in the interests of Defendant HAVEN TILE in relation to their employees including Plaintiff.

76. Specifically, NICK HAVEN supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

77. NICK HAVEN had operational control of the business and is thus jointly liable for Plaintiff's damages.

78. Defendant NICK HAVEN willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant NICK HAVEN:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights; and

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VI**
**VIOLATION OF FLSA/OVERTIME against NICK HAVEN**

79. Plaintiff re-alleges and reaffirms paragraphs 1 through 32 as fully set forth herein.

80. At the times mentioned, Defendant NICK HAVEN was, and is now, a corporate officer and/or manager of corporate Defendant, HAVEN TILE.

81. NICK HAVEN was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that NICK HAVEN acted directly in the interests of Defendant HAVEN TILE in relation to their employees including Plaintiff.

82. Specifically, NICK HAVEN supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

83. NICK HAVEN had operational control of the business and is thus jointly liable for Plaintiff's damages.

84. Defendant NICK HAVEN willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
### VIOLATION OF FMWA against NICK HAVEN

85. Plaintiff re-alleges and reaffirms paragraphs 1 through 32 as fully set forth herein.

86. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

87. NICK HAVEN failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with NICK HAVEN as stated above.

88. Plaintiff sent a written demand for these payments dated November 2, 2020. NICK HAVEN has failed to make any payments in accord with that demand.

89. As a direct result of NICK HAVEN's failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of NICK HAVEN.

90. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant NICK HAVEN:

A. Wages, salary, lost benefits, and any other compensation for which Defendant failed to pay Plaintiff;

B. Interest and the amount found due;

C. A jury trial on all issues so triable;

D. Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action under Florida Statutes § 448.08; and

E. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Carlos Gonzalez demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 21, 2020

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
esther@peregonza.com